UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

St. Paul Mercury Insurance Company,
a Minnesota corporation,

Plaintiff,

v.

JBA International, Inc.,
a Georgia corporation,

Defendant.

Case Number: 01-297 MJD/JGL

**PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND COMMUNICATIONS**

JBA International, Inc.,
a Georgia corporation,

Plaintiff,

v.

St. Paul Mercury Insurance Company,
a Minnesota corporation,

Defendant.

Case Number: 01-2161 MJD/JGL

The Court having determined that this action involves confidential and sensitive information, and good cause having been shown for entry of a Protective Order;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. (a) The term "this action" shall mean *St. Paul Mercury Insurance Company v. JBA International, Inc.*, Case Number: 01-297 MJD/JGL, and *JBA International, Inc. v. St. Paul Mercury Insurance Company*, Case Number: 01-2161 MJD/JGL.

MAR 11 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(b) The term "producer" shall mean a party to this action ("party"), or a non-party that produces information and/or documentation, including, but not limited to, responses to interrogatories, responses to requests for production, responses to requests for admission, experts' statements, documents, deposition testimony and responses to subpoenas in this action.

2. A party may designate any documents, tangible thing, deposition testimony, or information it produces, provides or makes available to another party in this litigation as "CONFIDENTIAL" (hereinafter referred to as "Confidential Information"). Any party designating a document, tangible thing, deposition testimony or information as "Confidential Information" shall do so by stamping or otherwise marking such documents with sufficient particularity to allow others to identify the specific document, tangible thing, or information being designated as "Confidential Information." Such designation shall be made within fourteen (14) days from the date the Confidential Information is produced or made available. The attorney for each party shall at all times maintain a list, index or other written memorialization of all the documents, tangible things or information which that party has designated as "Confidential Information, and the list, index or other written memorialization shall be made available to all other parties upon a written request. JBA shall have three weeks from the date of this Order to designate as "CONFIDENTIAL" any documents produced by St. Paul prior to the date of this Order.

3. Nothing in this Order shall inhibit a party from independently obtaining publicly available information, including the final version of documents actually filed with the United States Congress, any state, county or local legislature, or any federal, state, county or local regulatory authority or agency, nor shall this Order constitute a restriction on information so obtained, even if a copy of that document is otherwise provided in this litigation and designated as confidential. Use

of any independently obtained documents shall be subject to any confidentiality or other restrictions regarding the use or distribution of such documents imposed by the relevant authority or by law.

4. Except as otherwise provided herein or upon further order of this Court, Confidential Information shall be used solely for the resolution of coverage disputes between the parties to this action.

5. Except to the extent disclosed at any stage of this action in open court, notwithstanding the parties' efforts pursuant to Paragraph 11, all Confidential Information shall be kept in a confidential manner by anyone entitled under this Order to receive it and may be disclosed to and among the following persons only:

(a) The attorneys for the respective parties working on this case and employees of such attorneys who are assisting in the prosecution, defense, or settlement of this action;

(b) Any present or former officer, director, or employee of the parties in connection with the prosecution, defense or supervision of this action;

(c) Any expert, investigator or consultant (including any employee of such expert, investigator or consultant) who is employed, retained, or otherwise consulted by a party or its attorney for the purpose of analyzing data, conducting studies, performing investigations or providing opinions to assist in this action (provided, however, that all documents and copies thereof are returned by the expert, investigator or consultant to the party or attorney who retained him or her upon resolution of this action or the end of the engagement, whichever comes first);

(d) Any person (including that person's attorney) who a party's attorney believes may be called to give testimony at any stage of the proceedings on matters relating to Confidential

Information (provided, however, that all documents and copies thereof are returned by the potential witness and/or his attorney to the party or its attorney upon resolution of this action);

(e) Counsel for, or authorized personnel of any auditors, reinsurers or retrocessionaires of any party;

(f) The Court and Court personnel, including Court reporters, involved in this action; and

(g) Witnesses, including deponents, as provided in this Order.

6. Any person who makes any disclosure of Confidential Information permitted by this Order shall advise each person to whom such disclosure is made concerning the terms of this Order. Furthermore, all persons identified in Paragraphs 5(c), 5(d) and 5(g) above to whom Confidential Information is disclosed under this Order shall sign the "Consent To Be Bound By Stipulation And Protective Order" (the "Consent Form") attached hereto stating that they have received and read the Order, that they understand the Order, and that they will comply with the Order. Copies of such executed Consent Forms shall be held in escrow by counsel who provide access to the Confidential Information until further order of the Court or agreement by all counsel with an interest in such Confidential Information. These restrictions relevant to confidential material do not apply to use by a producer of Confidential Material which it produces.

7. Persons attending depositions taken in this action at which Confidential Information or any information contained therein is identified, discussed or disclosed shall be limited to the court reporter, the deponent, counsel for the deponent, counsel for the parties and any representative of the parties who are bound by the terms of this Order and such other persons identified in Paragraph 5 of this Order. If any Confidential Information is to be used during the deposition of a non-party

witness, the deponent shall be given a copy of the Order prior to the deposition and advised that he or she is bound by the terms of the Order.

8. A party who intends to use Confidential Information or disclose information contained therein in a Court proceeding in this action shall take all reasonable steps to ensure the continuing confidentiality of the Confidential Information. In the event that any of the Confidential Information, or the contents thereof, is used in any Court proceeding herein, it shall not lose its confidential status through such use.

9. Any Confidential Information and documents covered by this Protective Order which, consistent with this Protective Order, are revealed by or included in any motions, pleadings, affidavits, briefs, memoranda or other papers filed or submitted to the Court, or in connection with any appeal or other proceeding, shall be subject to this Protective Order and shall be placed under seal. Such documents or deposition testimony, when filed with or submitted to the Clerk of Court, Magistrate Judge, or Judge shall be filed in sealed envelopes on which shall be endorsed (1) the title of this action, and (2) the phrase "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

As to any such documents and information filed with or provided to any Court in this matter, the Clerk of Court shall maintain under seal all such information and/or documents or the portion of the deposition transcript, motion, hearing or other transcripts, interrogatory answers, or other materials containing such information and/or documents to be made available only to the Court and to counsel for the parties in this proceeding until further Order of the Court.

10. Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his or her client in this matter, and, in the course thereof, from generally referring to or relying upon his or her examination of Confidential Information.

11. Neither the provisions of this Protective Order, nor any disclosure by any party pursuant to this Protective Order, shall constitute a waiver at any time or in any other litigation, of any attorney-client privilege or work product doctrine that it may possess which arises, or has arisen, in litigation or other matters outside this proceeding.

12. Nothing herein shall be deemed to limit any party's rights to discovery in connection with this action.

13. Nothing contained within this Order shall be construed as a concession by any party of the relevance or lack of relevance of any information or documents or to require a party to produce information or documents which it contends to be privileged or otherwise non-discoverable.

14. For good cause, any party may seek modification or termination of this Order first by attempting to obtain the consent of every other party to such modification, and then, absent consent, by application to this Court. The party seeking such modification or termination shall give notice to all nonparty producers under this Order no later than fourteen (14) days prior to the effective date of the modification or termination. The producers so notified may then, prior to the effective date of modification or termination, petition the Court for relief. If this Order is modified by agreement, it shall be submitted to the Court, as modified, for execution.

15. At the conclusion of this action, the producer will notify all parties that they must either:

(a) return to the producer all Confidential Information in their possession or in the possession of their agents, including copies thereof, with the producer bearing the cost of such return; or

(b) destroy all such materials in their possession or the possession of their agents including copies thereof. A party which chooses to destroy shall certify to all other parties in writing that all Confidential Information has been destroyed. Notwithstanding the provisions of this paragraph, an insurer may retain materials needed to pursue recovery of reinsurance. Material retained for this purpose shall be subject to the requirements of this paragraph when the material is no longer needed to pursue reinsurance.

16. Notwithstanding any other provisions of this Order, attorney work product that embodies or references Confidential Information shall not be subject to the provisions of Paragraph 18 of this Order.

17. This Order shall survive the termination of this action and continue in full force and effect unless waived by the written consent of the producer.

18. If any party ceases its involvement in this action, by settlement or otherwise, such party shall comply with the terms of Paragraph 18 within a reasonable time thereafter.

19. If the producing party agrees to waive its designation of any materials as "Confidential," it shall notify all parties of the waiver in writing and this Order shall no longer apply to such materials.

20. This Court shall have jurisdiction over the parties hereto with respect to any dispute concerning the enforcement or interpretation of this Protective Order and the use of the Protective Order.

21. The recipients shall act to minimize the number of persons to whom such Confidential Information is disclosed. The parties agree to cooperate fully and in good faith with

each other in attempting to resolve any disputes which may arise as to the terms and effect of this Protective Order so that recourse to the Court may be kept at a minimum.

22. If any person objects to the designation of discovery materials being marked as Confidential Information, the party shall state the objection by letter to all counsel of record in this case. If the parties are unable to resolve the objection, any party may move the Court to do so. Until the Court rules on the objection, the disputed material shall be treated as Confidential Information.

**Date:** [illegible handwritten date]

**BY THE COURT:**

**Magistrate Judge Jonathan Lebedoff**

**CONSENT TO BE BOUND BY**
**STIPULATION AND PROTECTIVE ORDER**

I, the undersigned, have read and understand the terms and conditions of the Protective Order in *St. Paul Mercury Insurance Company v. JBA International, Inc.*, Case Number: 01-297 MJD/JGL, and *JBA International, Inc. v. St. Paul Mercury Insurance Company,* Case Number: 01-2161 DWF/AJB, and I consent under penalty of contempt to be bound by its terms as follows:

(1) I agree that I will make no further disclosure of Confidential Information and will personally protect the confidentiality of all Confidential Information received from the attorneys who presented this Consent.

(2) I agree to return all Confidential Information to the attorneys who presented this consent to me within sixty (60) days after the conclusion of the captioned cases whether by dismissal, final judgment, or settlement, or, in the alternative, I will during that time destroy all such documents and provide the attorneys with a sworn affidavit to that effect.

Signature:_______________________________________

Printed Full Name:________________________________

247331.1