UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

St. Paul Mercury Insurance Company,
a Minnesota corporation,

Plaintiff,

v.

JBA International, Inc.,
a Georgia corporation,

Defendant.

Case Number: 01-297 JEL/JGL

JBA International, Inc.,
a Georgia corporation,

Plaintiff,

v.

St. Paul Mercury Insurance Company,
a Minnesota corporation,

Defendant.

Case Number: 01-2161 JEL/JGL

**STIPULATED MODIFICATION TO PROTECTIVE ORDER**

**RECITALS**

WHEREAS, on March 11, 2002, the Court in the above-captioned cases signed and filed a Protective Order Regarding Confidentiality of Documents and Communications.

WHEREAS, St. Paul Mercury Insurance Company ("St. Paul") served two expert witness reports by Anthony Ilutzi ("Ilutzi") on JBA International Inc. ("JBA") on November 1, 2002. Specifically, the Ilutzi expert reports are entitled "EXPERT WITNESS REPORT: Specific Findings Regarding Hartmarx" and "EXPERT WITNESS REPORT" (hereinafter the "Ilutzi

FILED MAR 3 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENT'D
DEPUTY CLERK

Coverage Reports"). The Ilutzi Coverage Reports are designated CONFIDENTIAL in the above-captioned actions pursuant to the terms of this Court's Protective Order dated March 11, 2002.

WHEREAS, in one lawsuit underlying this coverage dispute, JBA International Inc. v. Cels Enterprises Inc. and Cels Enterprises Inc. v. Geac Computer Corp. Ltd. d/b/a Geac Enterprise Solutions; Geac Enterprise Solutions; and JBA International Inc., Case No. CV02-2607 RGK (RZx) (hereinafter the "Underlying Cels Case"), Cels Enterprises, Inc. brought a motion to compel JBA (now known as Geac Enterprise Solutions, Inc.), (hereinafter "JBA"), to produce documents used in the Underlying Hartmarx Case (captioned Hartmarx Corporation v. JBA International, Inc. and JBA Holdings, PLC, United States District Court for the Northern District of Illinois, Court File No. 99 C 4874) and the above-referenced actions. JBA opposed the motion.

WHEREAS, on January 2, 2003 Ilutzi submitted a Declaration in the Underlying Cels case. In that Declaration, Ilutzi stated that

> in connection with my role as an expert witness in the coverage dispute between JBA and its insurer (Case No. 01-2161 DWS/AJB, captioned JBA International Inc. v. St. Paul Mercury Insurance Company), in November of 2002, I rendered an opinion as to the condition of the system specifically sold to Cels. In order to develop that opinion I also reviewed extensive documentation of the problems with and the changes made to the system (System 21/Style /Fashion Footwear) JBA sold to Cels and other apparel and footwear industry customers prior to Cels.

Ilutzi 1/2/03 Declaration ¶ 3. Ilutzi further stated that

> in connection with each of those cases, I am restrained from using the documents and information I obtained from those documents in connection with this case by reason of protective orders to which I was subject in each of those cases. While I can render opinions as to the quality of the JBA's style software sold to Cels based on my own knowledge as an expert, I would be at a severe disadvantage and my opinions could be subject to challenge without the documents that directly support them. Therefore I will need to either be permitted to use that information under those protective orders, or I will require access to those documents again in order to prepare my opinions in connection with this dispute.

Ilutzi Decl. ¶ 4.

WHEREAS, on February 10, 2003, the court in the Underlying Cels Case ordered that "Defendant's [Cels's] motion to compel is denied except as to the expert reports for Anthony Ilutzi and the Hartmarx and insurance coverage litigation, as to which it is granted."

WHEREAS, Cels made an ex parte application for clarification of the February 10, 2003 order and submitted a second Declaration of Anthony Ilutzi in connection therewith.

WHEREAS, Ilutzi submitted a declaration dated February 14, 2003 stating that

> in each of the expert reports ordered produced, I specifically incorporate and reference certain JBA documents produced to me in connection with those cases by their actual Bates Stamp number. I consider these documents to be part of the expert reports the reference to documents form the basis of my findings set forth in the expert reports and are critical to understanding my previous expert reports and formulating an opinion in this case.

Ilutzi 2/14/03 Decl. ¶ 4. Ilutzi further stated that

> I am presently in possession of the Bates numbered documents referenced in my reports given in the *Hartmarx* and *St. Paul* cases because they were recently produced to me in connection with my work in the *St. Paul* litigation. However, it is my understanding, that, pursuant to the protective orders to which I am bound in both the *Hartmarx* and *St. Paul* cases that I am restrained from using these documents or disclosing them to Cel's attorneys without modification of those protective orders.

Ilutzi 2/14/03 Decl. ¶ 6.

WHEREAS, on February 19, 2003 the court in the Underlying Cels Case issued a clarifying order stating that "the order is modified to require production of both the expert reports and the documents which underlie the reports . . . production shall be made forthwith upon modification of the protective orders in the Hartmarx and insurance litigation, conditioned upon Defendant's [i.e. Cels's] agreement to be bound by the protective orders in the Hartmarx and insurance litigation, except for use of the reports (and underlying) documents in this litigation."

WHEREAS, all such documents that JBA has been ordered to produce in the Underlying Cels Case have been designated as CONFIDENTIAL in the above-captioned cases.

WHEREAS, in order to enable JBA to comply with the Orders issued on February 10 and February 19, 2003 by the Court in the Underlying Cels Case and to prevent JBA from being held in contempt or otherwise sanctioned in the Cels litigation for failure to comply with the Orders, JBA and St. Paul stipulate to and hereby request that the Protective Order in the above-captioned cases be modified in accordance with those Orders.

STIPULATION

JBA and St. Paul hereby stipulate by and through their attorneys, that:

1. JBA is a party to litigation between it and one of it's former customers, Cels Enterprises Inc. ("Cels"), currently pending in the United States District court for the Central District of California, Case No. CV-02607 RGK(RZx) (the "Underlying Cels Case"). Materials from the present insurance coverage cases, including expert reports and documents that underlie those reports, have become the subject of Orders in the Underlying Cels Case requiring their production for use in the Underlying Cels Case.

2. All of the materials so ordered are designated CONFIDENTIAL and are subject to the Protective Order entered by this Court on March 11, 2002.

3. JBA may produce all CONFIDENTIAL materials from this case that it has been ordered by the Cels Court to produce in the Underlying Cels Case, to JBA's counsel in the Underlying Cels Case, and to Cels and its attorneys in the Underlying Cels Case, so long as the material so produced is used solely for purposes of the Underlying Cels Case litigation and so long as all persons having access to the confidential materials agree to be bound by this Court's Protective Order dated March 11, 2002, as modified below.

Dated: Feb 28, 2003

Richard D. Snyder (MN #191292)
Emily E. Duke (MN #249178)
FREDRIKSON & BYRON, P.A.
4000 Pillsbury Center
200 South Sixth Street
Minneapolis, MN 55402-1425
Main Phone: 612.492.7000
Fax: 612.492.7077

ATTORNEYS FOR JBA INTERNATIONAL, INC

Dated: Feb 28, 2003, 2003

Patricia St. Peter, Esq. (MN #153096)
Eric Caugh, Esq. (MN # 026703X)
Zelle, Hofmann, Voelbel, Mason & Gette
33 South Sixth Street
City Center - Suite 4400
Minneapolis, MN 55402

ATTORNEYS FOR ST. PAUL MERCURY INSURANCE COMPANY

# ORDER

Based upon the recitals and stipulation above, this Court orders that the Protective Order dated March 11, 2002 is hereby modified as follows:

a) CONFIDENTIAL materials that JBA has been Ordered by the Court in the Underlying Cels Case to produce may be used in the Underlying Cels Case so long as the conditions stated in subparagraphs b and c are satisfied;

b) Cels Enterprises, Inc. and its attorneys, and JBA's counsel, in the Underlying Cels Case agree to be bound by the terms of this Court's March 11, 2002 Protective Order as modified to allow their use in the Underlying Cels Case; and

c) Cels Enterprises Inc. and its counsel agree to and shall be required to return or destroy all "CONFIDENTIAL" material so obtained from the above-captioned insurance coverage cases after the conclusion of the Underlying Cels Case. In so doing, Cels Enterprises Inc. and its counsel shall certify to JBA's counsel in the Underlying Cels Case and JBA's counsel in the above-captioned insurance coverage cases that all materials and any copies made thereof have either been returned to counsel for JBA or destroyed.

IT IS SO ORDERED.

Dated: ______________________

______________________
Chief Magistrate Judge Jonathan Lebedoff

#2766577\1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.