September 8, 2004

Fredrikson & BYRON, P.A.

**HAND DELIVERED**

The Honorable Joan N. Ericksen
United States District Court
748 Federal Building
316 Robert Street
St. Paul, MN 55101

Re: JBA International, Inc. v. St. Paul Mercury Insurance Company
Court File No. 01-2161 (JNE/JGL)

St. Paul Mercury Insurance Company v. JBA International, Inc.
Court File No.: 01-297 (JNE/JGL)

Dear Judge Ericksen:

I represent JBA International, Inc. in the above-referenced actions. I write to oppose the two letters that were submitted to the Court by St. Paul Mercury on September 2, 2004.

1. St. Paul's Request for Reconsideration. No "compelling circumstances" exist under Local Rule 7.1(g). St. Paul simply wants to rehash the same arguments about the "reasonable expectations" doctrine that have been raised and resolved in two separate motions.[1] It wants to argue that New Jersey law permits use of the reasonable expectations doctrine in only limited circumstances, an argument that St. Paul has repeatedly made.

JBA has already explained in its briefing how New Jersey courts apply the doctrine in at least two different contexts: (1) as a guide to interpret ambiguous language in an insurance policy; and (2) as a substantive limitation on the enforceability of unreasonable provisions in insurance policies – even in the absence of ambiguity. *See* Docket No. 148 in Civ. Case 01-2161 at pp. 22-23. The present case, like the Supreme Court's decision in *Sparks v. St. Paul Ins. Co.*, 495 A.2d. 406 (N.J. 1985), involves the second context for using the reasonable expectations doctrine. Yet in the "new" case that St. Paul cites to argue that reconsideration is warranted, *President v. Jenkins*, 853 A.2d 247, 256 (N.J. 2004), the Court addressed the first context and

[1] For example, St. Paul's bases its request for reconsideration on *Nunn v. Franklin Mut. Ins. Co.*, 644 A.2d 1111 (N.J. Super. App. Div. 1994), a case that both parties discussed in prior briefing. *See e.g.*, Docket No. 143 in Civ. Case 01-2161 at pp. 15-17; Docket No. 148 at p. 24.

Attorneys & Advisors / 200 South Sixth Street
main 612.492.7000 / Suite 4000
fax 612.492.7077 / Minneapolis, Minnesota
www.fredlaw.com / 55402-1425

OFFICES: Minneapolis, London AFFILIATES: Mexico City, Warsaw, Montreal, Toronto, Vancouver

SCANNED
OCT 2004
U.S. DISTRICT COURT ST. PAUL

found that the policy was ambiguous.[2] That case has nothing to do with the present situation. Nor is there any merit to St. Paul's argument that the reasonable expectations doctrine is inapplicable where the New Jersey Insurance Commissioner has approved a policy form. The policy in *Sparks* had also been approved, but that did not affect the Courts' decision that the policy violated the objectively reasonable expectations of policyholders.

St. Paul also is incorrect in arguing that the "subjective" expectations of JBA are relevant and must be resolved at trial. Rather, the reasonable expectations doctrine focuses on "the *objectively* reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts. . .." *Sparks* at 412. This issue, too, was presented in the prior briefing. *See* Docket No. 148 in Civ. Case 01-2161, at pp. 25-26.

2. Interlocutory Appeal. Discretionary certification under 28 U.S.C. § 1292(b) requires the existence of a "controlling question of law as to which there is substantial grounds for difference of opinion." Cases involving the application of settled rules of law to disputed facts are inappropriate for certification. *Mille Lacs Band of Chippewa v. Minnesota*, 861 F. Supp. 784, 839-40 (D. Minn. 1994). As discussed above, the law in New Jersey concerning the reasonable expectations doctrine is well-settled.

Certification "is meant to be applied in relatively few situations and has not been read as a significant incursion on the traditional federal policy against piecemeal appeals." Wright, Miller & Kane, *Federal Practice and Procedure Civil* § 2658.2. *See Control Data Corp. v. Int'l Bus. Mach. Corp.*, 421 F.2d 323, 325 (8th Cir. 1970). Here, an interlocutory appeal would foster piecemeal appeals and delays. Other open issues remain that will be resolved through trial whether or not certification of the "reasonable expectations" issue is granted. The result would be a second round of appeals following the trial. Moreover, even if St. Paul could persuade the 8th Circuit to interpret New Jersey law differently than this Court has done, that would ***not*** put an end to St. Paul's liability for the underlying *Hartmarx* case. JBA's bad faith claim against St. Paul for failing to settle the *Hartmarx* case survived summary judgment and would not be affected by an interlocutory appeal of the Court's reasonable expectations ruling. Certification thus would *not* "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Respectfully submitted,

Richard D. Snyder
**Direct Dial:** 612.492.7145
**Email:** rsnyder@fredlaw.com

RDS\kk\3013958

cc: Patricia St. Peter, Esq. (via fax)

[2] Both parties, in their briefs in the present case, previously cited and discussed court of appeals' decision in *President*. *See e.g.*, Docket No. 148 in Civ. Case 01-2161, at p. 14.